IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAUNCEY A. HILL, #347-823        *
          Plaintiff,

    v.                      *  CIVIL ACTION NO.  PJM-08-1902

JOHN G. NEWBY,  LABORATORY      *
  DIRECTOR
          Defendant.       *
                       *****

**MEMORANDUM OPINION**

I. *Background*

This *pro se* 42 U.S.C. § 1983 prisoner civil rights action, received for filing on July 15, 2008, seeks compensatory damages. The Complaint is not a model of clarity.  It names  John G. Newly, Laboratory Director as the sole Defendant and alleges that on February 4, 2008, Plaintiff was called to the medical clinic to see a nurse regarding a spider bite on his face.  Plaintiff states that he was not treated and, specifically, that the Nurse failed to "have hand on contact."  Paper No. 1.  Plaintiff filed a Court-directed supplement wherein he reiterated that the spider bite was not treated and that the Nurse failed to "have hands on contact."  Paper No. 4.

Defendant Newby has filed a Motion to Dismiss.[1]  Paper No. 15.  This dispositive pleading was followed by Plaintiff's Opposition and Newly's Reply.  Paper Nos. 17 & 18.  A hearing is not needed to resolve the issues presented in the matter.  *See* Local Rule 105.6. (D. Md. 2008).  For reasons which follow, the Court will deny Newby's Motion, but will dismiss the Complaint.

---

[1]  The Clerk shall amend the docket to reflect the correct name of Defendant Newby.

II. *Standard of Review*

   *Motion to Dismiss*

   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id*. at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal  sufficiency of the claims, the court is not bound by plaintiff's legal  conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582 *3 (D. Md. 2007).

III. *Analysis*

   Newby seeks dismissal of the action, arguing inter alia that he is a medical doctor in the field of pathology. Newby avers that he is the Laboratory Director of Hagerstown Medical Laboratory and has never employed or supervised any health care providers who provide clinical interaction

with prisoners of the Maryland Correctional Training Center.  He further avers that he had no

involvement or knowledge of the allegations set forth in Plaintiff's Supplemental Complaint.  Paper

No. 15, Affidavit.

Plaintiff states that he was injured due to the lack of medical care provided to him but admits

that he is not sure who is responsible for his lack of medical care.  Paper No. 17.  To the extent

Plaintiff seeks to hold Newby liable as the Laboratory Director, his claim fails.  The law in the

Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983

claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability

under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior

liability in a *Bivens* suit).  Liability of supervisory officials "is not be based on ordinary principles of

*respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit

authorization of subordinates' misconduct may be a causative factor in the constitutional injuries

they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001)

*citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).  Supervisory liability under § 1983 must

be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his

subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional

injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate

as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3)

there was an affirmative causal link between the supervisor's inaction and the particular

constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

Plaintiff has failed to allege, much less demonstrate, that Defendant was in any manner responsible

for the alleged lack of medical care he experienced.  To the contrary, Defendant avers that as a

clinical pathologist he no interaction with clinical care provided to inmates.  Paper No. 15, Affidavit.

 Accordingly, Plaintiff's claim against Defendant Newby fails.

IV.    *Conclusion*

       For the aforementioned reasons, Defendant Newby's dispositive motion shall be granted.  A

separate Order follows.


                                                        /s/
                                              PETER J. MESSITTE
September 29, 2009                      UNITED STATES DISTRICT JUDGE